# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WOMACK,<br><br>   Plaintiff,<br>   v.<br><br>METROPOLITAN TRANSIT SYSTEM, et al.,<br><br>   Defendants. | Case No. 09cv2679 BTM(NLS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiff Robert C. Womack ("Plaintiff") has filed a motion for leave to file a Second Amended Complaint. For the reasons discussed below, Plaintiff's motion is **DENIED**.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a district court does not err in denying leave to amend where the amendment would be futile. Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004).

In this case, the proposed amendments would be futile. Plaintiff wishes to add claims for violation of a federal criminal statute, 18 U.S.C. § 1503 ("Obstruction of Justice"), and a California criminal statute, Cal. Penal Code § 115 ("Procuring or Offering False or Forged Instrument for Record"). However, these criminal statutes do not provide for civil enforcement. Therefore, Plaintiff has no standing to bring these claims. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) ("The obstruction of justice claim under

18 U.S.C. § 1503 is also futile because 18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause of action."); <u>Clinkscales v. Carver</u>, 22 Cal. 2d 72, 75 (1943) ("A statute that provides for a criminal proceeding only does not create a civil liability.").

Plaintiff also seeks to amend his complaint by including a jury demand. However, the jury demand is untimely. Plaintiff did not request a jury trial in his original complaint or his First Amended Complaint. Defendants Metropolitan Transit System and San Diego Trolley, Inc., filed answers to the First Amended Complaint on November 25, 2009. Defendants removed the case to this Court on November 30, 2009. Plaintiff did not attempt to request a jury trial until he tried to file his Second Amended Complaint at the end of February, 2010. The Second Amended Complaint was rejected for filing because Plaintiff had not obtained leave of court to file an amended complaint.

Plaintiff was required to file a jury demand within 14 days after being served with the notice of removal. Fed. R. Civ. P. 81(c)(3). Plaintiff has not explained why he did not file a timely jury demand. Therefore, his motion to amend his complaint to include a jury demand is **DENIED** without prejudice to Plaintiff bringing a motion for the Court to exercise its discretion under Fed. R. Civ. P. 39(b) to order a jury trial on Plaintiff's claims. If Plaintiff wishes to file such a motion, he should do so 28 days prior to the pretrial conference.

For the reasons discussed above, Plaintiff's motion for leave to file a Second Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 28, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge