# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WOMACK,<br><br>             Plaintiff,<br>v.<br><br>METROPOLITAN TRANSIT SYSTEM, et al, PAUL JABLONSKI, WAYNE TERRY, MARY JANE GREENLAND, SAN DIEGO TROLLEY INC., et al., WILLIAM BURKE, LARRY SAVOY, FRANK AMEZCUA, LEN PARHAM, DAVE ADAMS, TERRANCE JOSEPH, TRANSIT ENFORCEMENT OFFICERS ASSOCIATION OF SAN DIEGO, et al.,<br><br>             Defendants. | Civil No. 09cv2679 BTM (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND DENYING DEFENDANTS' REQUEST FOR ATTORNEY'S FEES**<br><br>[Doc. No. 26] |

Plaintiff Robert Womack, proceeding pro se, filed a complaint against his former employer, defendants San Diego Trolley, Inc. (SDTI) and its parent company Metropolitan Transit System (MTS), for various alleged civil rights and other violations. Plaintiff served discovery on Defendants, including requests for production of documents (RFPs), set one. On April 14, 2010, Defendants responded to Plaintiff's RFPs, set one. On May 5, 2010, Plaintiff filed this "Motion to Compel San Diego Trolley, Inc. Second Request for Production of Documents, Set Two." In the motion, Plaintiff attaches an "Exhibit A" that lists a series of RFPs. Plaintiff also attaches Defendants' responses to Plaintiff's RFPs, set one. Some of the RFPs in set one are similar to the RFPs listed in "Exhibit A," but the two lists of RFPs are not identical. For purposes of deciding this motion, the court deems it a motion to compel

further responses to Plaintiff's RFPs, set one, and disregards the RFPs listed in "Exhibit A" because that list of RFPs was never apparently served.

Defendant opposes the motion to compel for procedural and substantive reasons. First, Plaintiff failed to meet and confer. Second, Defendants argue that Plaintiff failed to identify why the requested information is reasonably calculated to lead to the discovery of admissible evidence and why Defendants' objections should be overruled. Based on Plaintiff's failure to initiate a meet and confer, Defendants request an award of attorney's fees under Rule 37. Plaintiff filed a reply.

The court finds this matter suitable for decision without oral argument under Civil Local Rule 7.1(d)(1). For the following reasons, the court **DENIES** Plaintiff's motion to compel further responses to RFPs, set one. The court also **DENIES** Defendants' request for attorney's fees.

**Meet and Confer Requirement.**

Civil Local Rule 26.1 requires counsel and self-represented parties to personally meet and confer before bringing any discovery dispute to the court's attention. Here, Plaintiff did not attempt to meet and confer, so that Defendants did not know of Plaintiff's issues with their responses until the filing of this motion. While the court would ordinarily deny the motion without prejudice for failure to comply with this requirement, because the court finds that Defendants' objections have merit, in the interest of judicial efficiency and economy, the court adjudicates this motion on the merits.

To ensure that the parties follow the meet and confer requirements for any future discovery disputes, the court amends paragraph 6 of the February 22, 2010 Scheduling Order to read as follows:

> All discovery, including experts, shall be completed by all parties on or before **September 20, 2010**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a)**. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall, within forty-five (45) days of the date upon which the initial event giving rise to the dispute occurred, file a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court (see attached "Chambers' Rules" on Discovery Disputes).

**RFPs At Issue.**

Plaintiff generally argues that the court should grant his motion to compel because Plaintiff has the right to examine the documents he requests, they are admissible as evidence, and that Defendants' refusal to produce the documents demonstrates they "are and have been conspiring to defraud not only the plaintiff but the court as well" and that they will prove Plaintiff's innocence. Mem. Ps&As, p.7. Plaintiff, however, did not identify the specific RFPs for which he requests a further response. The court must assume that Plaintiff intends to challenge each response where Defendants refused to produce documents. Here, Defendants agreed to produce all documents response to RFP nos. 1-4, and refused to produce documents in response to RFP nos. 5-7.

    **A.**    **RFP No. 5:** All and/or complete daily activity logs filled out by Robert C. Womack ID #10656, for the years of 2006 and 2007.

Defendants refuse to produce these documents on the basis the request is overbroad, burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues the activity logs will show where he was working when the complaint was filed. Reply ¶ 5. He also says the activity logs he wrote as well as the logs of each code compliance inspector "will show a pattern that the defendants go to [order] their employee[s] to lie and be dishonest." *Id.*

The Federal Rules allow for broad discovery in civil actions: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This provision is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1995). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections. *DirectTV, Inc. V. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002); *Oakes*, 179 F.R.D. at 283.

Here, Plaintiff asks for his daily work logs that cover a period of two years. Defendants explain

that this lawsuit stems from Plaintiff's termination from SDTI, which terminated him for repeatedly lying to his employer and for falsely impersonating a San Diego Police Officer. Burke Decl. ¶ 2; Betts Decl. ¶ 3. By bringing this case Plaintiff seeks "a letter of total exoneration" regarding his employment. Reply, p.3, ¶ 1. Defendants argue that the information contained in two years worth of daily work logs will largely be irrelevant to the questions of whether Plaintiff lied and whether he falsely impersonated a San Diego Police Officer.

The court sustains Defendants' objections that the discovery request is overly broad in scope and seeks information irrelevant to this lawsuit. The work logs sought here detail Plaintiff's daily activities over a two-year period while employed at SDTI. The day-to-day detail of what Plaintiff did while at work for two years is an overly-broad category of information that is not relevant to the core issues in this lawsuit. Therefore, the court denies Plaintiff's motion to compel a further response to RFP no. 5. This denial is without prejudice, however, to Plaintiff serving another interrogatory that asks for his daily logs **for a specific date or dates that can span no longer than a two-week period**, and which must focus on the relevant date(s) Plaintiff believes are implicated by the claims in this lawsuit.

**B.     RFP No. 6:** A complete list of all code compliance inspectors both past and current employed by the San Diego Trolley Inc. in the years 2005, 2006, and 2007. This is to include complete names, address and current phone numbers.

Defendants object to this RFP as being overbroad, invasive of third party privacy rights, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues the information is relevant because each inspector will be asked questions relevant to their positions and their activity logs and that such questions are not invasive of privacy rights. Reply ¶ 7. Plaintiff also says the activity logs written by "each code compliance inspector will show a pattern that the defendants go to [in] ordering their employee[s] to lie and be dishonest." Reply ¶ 5.

The core issues here revolve around Plaintiff's termination for repeatedly lying to his employer and for falsely impersonating a San Diego Police Officer. By way of this RFP, Plaintiff wants to ask code compliance inspectors about their daily activities, so that he can try to show that Defendants encourage their employees to lie. But obtaining the list of names, addresses and phone numbers of all code compliance inspectors is not reasonably calculated to lead to the discovery of admissible evidence, because the daily actions of the other code compliance inspectors are not relevant to the issues of

whether Plaintiff repeatedly lied to his employer and falsely impersonated a San Diego Police Officer. Further, Plaintiff has provided no basis, other than pure speculation, on which to presume that Defendants encouraged all employees to lie on a daily basis, and thus cannot obtain discovery on that basis.

Further, the information sought here would impinge on the right to privacy of third parties. The right to privacy "is subject to balancing the needs of the litigation with the sensitivity of the information/records sought." *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999). Here, Plaintiff argues that questions to code compliance inspectors regarding their daily activities would not invade their right to privacy. But Plaintiff does not address why release of their names, addresses and phone numbers to him would not invade their right to privacy. Given that the identifying information of these third parties is private and irrelevant to the claims in this lawsuit, the court cannot allow Plaintiff to discover it.

The court, therefore, sustains Defendants objections that RFP no. 6 is overbroad, invasive of third party privacy rights, and is not reasonably calculated to lead to the discovery of admissible evidence.

  **C.**  **RFP No. 7:** All and/or any reservations confirmed for William Burke Director of Transit System Security for the San Diego Trolley Inc. to include airline reservation, hotel, car rental, cell phone, parking receipts. With the signature of William Burke. All documents related to the December 2008 Texas, business trip.

Defendants object to this RFP because it requests private information and is not calculated to lead to the discovery of admissible evidence. Plaintiff argues the information is relevant because at his arbitration with Defendants, Plaintiff subpoenaed Mr. Burke to appear on December 10, 2008. Mem. Ps&As, p.2. But he did not appear. *Id.* Mr. Burke, who is the Director of MTS and was involved in the decision to terminate Plaintiff, did not appear at the arbitration that day because he was at a Transit Security Roundtable in Texas sponsored by the Transportation Security Administration. Burke Decl. ¶¶ 1-3. Instead, Mr. Burke appeared at the second day of the arbitration on January 23, 2009, testified on behalf of SDTI and was cross-examined by Plaintiff's attorney. Burke Decl. ¶ 4. Plaintiff replies that he simply wants to know if Mr. Burke actually attended the roundtable meeting, or if he and his attorney fabricated the story so that they could continue the arbitration. Reply ¶ 8. He also argues the court

should reject Mr. Burke's declaration here because the signature is a forgery.

The court sustains Defendants' objections to this RFP. Whether Mr. Burke actually attended the Security Roundtable is irrelevant to whether Plaintiff repeatedly lied to his employer and falsely impersonated a San Diego Police Officer. Further, Mr. Burke testified at the arbitration, and Plaintiff's counsel cross-examined Mr. Burke at that time. The burden of producing this private and irrelevant information greatly outweighs Plaintiff's speculative need for this discovery.

**Order.**

For the foregoing reasons, the court **DENIES** Plaintiff's motion to compel further responses to the requests for production. Further, only for the purposes of this specific motion, in the interests of justice and judicial economy the court will not award sanctions in the form of attorney's fees to Defendants. Plaintiff, however, is forewarned that if he brings any future discovery motions without strict compliance with all applicable discovery rules the court will assess sanctions as required.

**IT IS SO ORDERED.**

DATED: May 26, 2010

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

**Chambers' Rules on Discovery Disputes for Magistrate Judge Nita L. Stormes**

If the parties have not resolved their dispute through the meet and confer process, counsel shall, within **forty-five (45) days of the date upon which the event giving rise to the dispute occurred (see (2) below)**, file a joint statement entitled "Joint Motion for Determination of Discovery Dispute" with the Court.

1. The joint statement is to include: (1) a declaration of compliance with the meet and confer requirement; (2) points and authorities (not to exceed 10 pages per side); and (3) a format in accordance with the "Sample Format" described below.

2. For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the initial response.

3. Any exhibits accompanying the joint statement shall also be filed.

4. Counsel shall not attach copies of any meet and confer correspondence to the joint statement.

The Court will either issue an order following the filing of the joint statement or will schedule a telephonic discovery conference.

**Sample Format: Joint Motion for Determination
Of Discovery Dispute**

**Request No. 1**: Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.
**Response to Request No. 1**: Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope as to time.
**Plaintiff's Reason to Compel Production**: This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy.
**Defendant's Basis for Objections**: This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received. Should the Court find that the request is relevant, defendant request that it be limited to a specific time frame.