**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT C. WOMACK,<br><br>        Plaintiff,<br>v.<br><br>METROPOLITAN TRANSIT SYSTEM, et al, PAUL JABLONSKI, WAYNE TERRY, MARY JANE GREENLAND, SAN DIEGO TROLLEY INC., et al., WILLIAM BURKE, LARRY SAVOY, FRANK AMEZCUA, LEN PARHAM, DAVE ADAMS, TERRANCE JOSEPH, TRANSIT ENFORCEMENT OFFICERS ASSOCIATION OF SAN DIEGO, et al.,<br><br>        Defendants. | Civil No. 09cv2679 BTM (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUTOFF DATE AND COMPEL DEFENDANTS TO COMPLY WITH DISCOVERY REQUESTS**<br><br>[Doc. No. 38] |

    Plaintiff alleges wrongful termination from his position as a Code Compliance Inspector for defendants Metropolitan Transit System (MTS) and San Diego Trolley, Inc. (SDTI). Defendants allege Plaintiff was terminated for posing as a police officer to intimidate a local business, threatening that business with a criminal investigation by his department, and lying about the incident to SDTI when they investigated the incident. Plaintiff alleges his termination was not for just cause. The parties participated in an arbitration on December 10, 2008 and January 23, 2009. The arbitrator found that the termination was for just cause. Plaintiff then filed this lawsuit based on the facts surrounding his termination. For the following reasons, the court **GRANTS in part** and **DENIES in part** Plaintiff's motion to extend the discovery cutoff and compel compliance with the deposition notices.

**Relevant Facts.**

The court entered a scheduling order on February 23, 2010, which among other dates set a September 20, 2010, deadline to complete discovery. On July 21, 2010, MTS and SDTI filed a motion for summary judgment. On August 27, 2010, Plaintiff filed a request to continue the hearing date for the summary judgment motion so he could have adequate time to prepare an opposition and complete depositions of Defendants' employees. Also on August 27, 2010, Plaintiff noticed the depositions of three of Defendants' employees--William Burke, Larry Savoy and Mary Jane Greenland, all of whom testified at the arbitration--for September 29, 2010. Requests for production of numerous documents accompanied the deposition notices. Defendants objected to the depositions as untimely because they are noticed for a date beyond the September 20, 2010, discovery deadline.

On September 1, 2010, the district judge granted Plaintiff's request to continue the summary judgment motion hearing, rescheduling it to November 12, 2010. Plaintiff's opposition to the summary judgment motion is now due October 29, 2010. In the order granting Plaintiff's request, the district judge acknowledged "Plaintiff's pro se status and the amount of work involved in opposing a motion for summary judgment and preparing for depositions." Sept. 1 Order, p.1.

**Discussion.**

To continue the discovery cutoff, Plaintiff must show good cause for the continuance because a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b). In addition to providing a reason for the delay, Plaintiff must show why the discovery sought is relevant, as the party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections. *DirectTV, Inc. V. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002); *Oakes*, 179 F.R.D. at 283.

Here, Plaintiff has not stated any reason for his delay in seeking the discovery. He has known about the September 20, 2010 discovery cutoff for over six months, yet he did not seek the discovery he says he needs to oppose Defendants' summary judgment motion until the day his opposition to the summary judgment motion was due.

Regarding the relevancy of Plaintiff's discovery requests, in the first Request For Production (RFP), Plaintiff requests his personnel file. Defendants object because the request is too late to comply with the discovery cutoff. Defendants also state they produced all documents related to Plaintiff's employment, including his entire personnel file, on November 14, 2008, to Plaintiff's attorney in the labor arbitration. Because the request was untimely, and Plaintiff did not provide good cause for the late timing, the court denies his request. However, because Defendants have already produced these documents, if Plaintiff is otherwise unable to obtain the already-produced documents from his labor arbitration attorney, Plaintiff can arrange with Defendants' counsel for a copy service to make a copy of the documents produced for the arbitration, at Plaintiff's own expense. Those documents shall include all documents responsive to the SDTI subpoena in the labor arbitration pertaining to the decision to terminate Plaintiff, including Plaintiff's personnel file, the files pertaining to the investigation of the complaints about Plaintiff that led to his suspension and termination, and any documents related to Plaintiff's complaints and grievances against SDTI and its management. If Plaintiff asks Defendants' counsel for such an arrangement, defense counsel shall make the documents available for the copy service within three days of Plaintiff's request.

As for the second RFP, Plaintiff requests 26 different documents that relate to several different factual events. Defendants object because the request is late, vague, ambiguous, overbroad, burdensome, harassing, compound, and irrelevant because it seeks numerous matters outside the scope of Plaintiff's wrongful termination lawsuit. Plaintiff has not shown how the discovery sought is relevant to his claims regarding the alleged wrongful termination, or how they otherwise relate to the reasons for Plaintiff's termination, namely, Defendants' defenses that they terminated Plaintiff for cause due to his posing as a police officer to intimidate a local business, threatening that business with a criminal investigation by his department, and lying about the incident to SDTI. The court, therefore, sustains Defendants' objections that the RFP is late, overbroad, burdensome, and seeks irrelevant information. Because Plaintiff has not shown good cause for the timing of his request, nor shown how the requested documents are relevant, the court denies his motion to compel production of documents responsive to this RFP.

Regarding the depositions, Defendants object to the depositions because the noticed date falls

beyond the discovery cutoff.  Plaintiff did not present good cause in his application to continue the discovery cutoff.  The court, however, has reviewed the district judge's order granting Plaintiff a continuance to oppose the summary judgment motion.  In opposing Plaintiff's request to continue the summary judgment hearing, Defendants explained that the depositions were noticed for a date after the September 20, 2010 discovery cutoff. [Dkt. No. 34, p.6.] In granting Plaintiff's motion for continuance, the district judge acknowledged that there was good cause to continue the summary judgment hearing given the amount of work involved for Plaintiff to prepare for the depositions.  The court construes the district judge's order as good cause to continue the discovery cutoff for the purpose of conducting depositions, and therefore grants Plaintiff's motion to depose William Burke, Larry Savoy and Mary Jane Greenland.  The court, however, limits these depositions to no more than two hours each, all to be conducted in one day.  The depositions must be conducted by **October 22, 2010**.

**IT IS SO ORDERED.**

DATED:  October 4, 2010

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court