UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT C. WOMACK,<br><br>                               Plaintiff,<br>    v.<br><br>METROPOLITAN TRANSIT SYSTEM, et al.,<br><br>                              Defendants. | Case No. 09cv2679 BTM(NLS)<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND DENYING RULE 60(b)(2) MOTION** |
|---|---|

Defendants have filed a Motion for attorney's fees under 28 U.S.C. § 1927. Plaintiff has filed a motion to vacate judgment under Fed. R. Civ. P. 60(b)(2). For the reasons discussed below, Defendants' motion for attorney's fees is **DENIED** and Plaintiff's Rule 60(b) motion is **DENIED**.

**I. PROCEDURAL BACKGROUND**

In an 18-page order filed on February 28, 2011, the Court granted summary judgment in favor of Defendants on all of Plaintiff's claims. On March 16, 2011, Plaintiff filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). In an order filed on May 24, 2011, the Court denied the motion to alter or amend judgment. The Court explained that for the most part, Plaintiff was rehashing the arguments he made in opposition to the motion for summary judgment. The Court concluded that Plaintiff had not come forward with any "new

evidence" that would warrant relief and had not established that the Court had committed errors of law or fact upon which the judgment rests.  The Court noted that even if it were to construe Plaintiff's motion as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b), Plaintiff had not established a basis for relief.

On July 27, 2011, Plaintiff filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3).  In his motion, Plaintiff repeated his arguments made in opposition to the motion for summary judgment and accused defendants, their counsel, the arbitrator, and others of lying and conspiring against him.  In an order filed on September 6, 2011, the Court denied Plaintiff's motion, holding that Plaintiff has not produced clear or convincing evidence of fraud or misconduct during the course of this litigation.

On September 22, 2011, Defendants filed their motion for attorney's fees under 28 U.S.C. § 1927.

On September 28, 2011, Plaintiff filed a motion for reconsideration of the Court's September 6, 2011 Order.  In an order filed on October 4, 2011, the Court denied Plaintiff's motion for reconsideration.  The Court stated: "It has reached the point where Plaintiff and the Court will have to agree to respectfully disagree. . . . Continued filings of Rule 60(b) motions and motions for reconsideration will not be fruitful.  At this juncture, Plaintiff may want to investigate the option of appealing to the Ninth Circuit Court of Appeals."

On October 27, 2011, Plaintiff filed his motion to vacate judgment under Fed. R. Civ. P. 60(b)(2).

**II. DISCUSSION**

A. <u>Motion for Attorney's Fees</u>

Defendants seek an award of the attorney's fees they incurred in opposing Plaintiff's Rule 60(b)(3) motion.

Under 28 U.S.C. § 1927, [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under § 1927 are warranted when an attorney or pro se plaintiff intentionally or recklessly raises a frivolous argument which results in the multiplication of proceedings. In re Girardi, 611 F.3d 1027, 1061 (9th Cir. 2010).

Defendants argue that Plaintiff's 60(b)(3) motion filed on July 27, 2011, was frivolous because the Court had already denied Plaintiff's Rule 59(e) motion to amend or alter judgment. Defendants argue that the Court implied that Plaintiff should not file a Rule 60 motion.

Although Plaintiff's 60(b)(3) motion was largely based on the same arguments that were raised in his Rule 59(e) motion, the Court gives Plaintiff the benefit of the doubt and does not find that Plaintiff was acting in bad faith or recklessly raising a frivolous argument. Plaintiff may have believed that he was providing additional information or clarifying his arguments in the 60(b)(3) motion. Therefore, the Court denies Defendants' instant motion for attorney's fees under § 1927. However, as discussed below, the Court's order is without prejudice to Defendants bringing another motion for fees in the event that Plaintiff brings another meritless Rule 60 motion or motion for reconsideration after the filing of this Order.

B.  Rule 60(b)(2) motion

Plaintiff claims that he is entitled to relief under Rule 60(b)(2) based on newly discovered evidence. However, Plaintiff has not produced any new evidence that warrants relief. The only arguably new evidence pertains to Plaintiff's new-found knowledge that his union, the Transit Enforcement Officers Association of San Diego ("TEOA") is not covered by the NLRA. Apparently, because San Diego Trolley, Inc., is a public entity, the union elections are conducted by the California State Mediation and Conciliation Service ("SMCS") not the NLRB. (Defendants Opp. at 3:15-23.) However, this fact does not change the Court's decision. Although the Labor Management Relations Act would not apply to the TEOA, the Court's analysis is still the same regarding the ultimate issue of whether there was

just cause for Plaintiff's termination.[1]

Plaintiff has not established grounds for relief under Rule 60(b)(2). Therefore, Plaintiff's motion is **DENIED**.

The Court cautions Plaintiff that any further Rule 60 motions or motions for reconsideration that lack merit may be grounds for sanctions under 28 U.S.C. § 1927. Although the Court denied Defendants' instant motion for attorney's fees incurred in opposing Plaintiff's *first* 60(b) motion, the Court cannot continue to show leniency for repeated filings of meritless Rule 60(b) motions and motions for reconsideration. In the Court's October 4, 2011 Order, the Court explained, "Continued filings of Rule 60(b) motions and motions for reconsideration will not be fruitful. At this juncture, Plaintiff may want to investigate the option of appealing to the Ninth Circuit Court of Appeals." Yet Plaintiff filed another Rule 60(b) motion, which the Court now denies. Repeated filings which reiterate the same arguments that have already been rejected by the Court will not change the outcome of this lawsuit and will expose Plaintiff to liability for attorney's fees incurred by Defendants in opposing the motions.

### III. CONCLUSION

For the reasons discussed above, Defendants' motion for attorney's fees is **DENIED** and Plaintiff's Rule 60(b)(2) motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 27, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[1] Plaintiff also raises a new argument that he was entitled to a Skelly hearing before he was suspended for fourteen days with pay. Plaintiff did not raise this argument in the FAC. Moreover, although there are California cases holding that due process requires a hearing before an extended suspension *without pay*, see, e.g., Bostean v. Los Angeles Unified School Dist., 63 Cal. App. 4th 95 (1998), the Court has not seen any cases requiring a pre-deprivation hearing for a fourteen-day suspension *with pay*.